IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-00066-RLV-DSC

| | |
|---|---|
| DIANA LOUISE HOUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LIFESTORE BANK, GRID ) | |
| FINANCIAL SERVICES, INC., ) | |
| and SUBSTITUTE TRUSTEE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff Houck's Motion for Preliminary Injunction, filed alongside the Complaint on April 26, 2013. (Doc. 2.)

This case follows two bankruptcy petitions filed by Plaintiff in 2011, each eventually dismissed for failure to file information. *In re Houck*, No. 11-51141 (Bankr. W.D.N.C. Nov. 23, 2011); *In re Houck*, No. 11-51513 (Bankr. W.D.N.C. Jan. 31, 2012). Notably, while the second bankruptcy case was ongoing, but only one day before that case was dismissed, Defendants concluded the foreclosure sale of property mortgaged by Plaintiff, that is, the property at 318 Todd Railroad Grade Road, Todd, NC ("the Property"). (Doc. 1-11 at 1) (identifying Defendant LifeStore Bank as the purchaser). Plaintiff here alleges that Defendant LifeStore Bank is in the process of closing the sale of the Property to a bona fide purchaser for value and requests that the Court stay such sale pending the resolution of this case. (Doc. 2 at 1; Doc. 2-1 at 2) (noting further that such a sale may "permanently deprive the Plaintiff of the use of that land").

Although filed as a motion for a preliminary injunction, given the speed with which the Court has been requested to act and the lack of notice to Plaintiff's adversaries, the instant

1

Motion is in essence one for a temporary restraining order ("TRO"). *See* Fed. R. Civ. P. 65. The purpose of such a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

An automatic stay comes into effect on the filing of a bankruptcy petition and prohibits certain actions, regardless of whether the parties taking them are aware that the filing has been made. 11 U.S.C. § 362(a). Among other things, it operates as a stay of an act to enforce a lien against property of the estate. *Id.* § 362(a)(4). A post-petition foreclosure sale done without court-provided relief from the stay, such as the sale of the Property to Defendant LifeStore Bank on December 20, 2011, violates this automatic-stay provision.

Plaintiff thus seeks to avoid the post-petition foreclosure sale. (*See* Doc. 1 at 14.) Where section 362(k) provides Plaintiff with a cause of action for actual damages incurred as a result of any willful violation of the stay, as well as punitive damages under appropriate circumstances, section 549 of the Bankruptcy Code enables a trustee to avoid an unauthorized, post-petition transfer. However, while a bankruptcy case's dismissal does not render as moot the automatic-stay violation, *see, e.g.*, *In re Ebadi*, 448 B.R. 308, 317 (Bankr. E.D.N.Y. 2011) (articulating the Second Circuit's view that actions in violation of the automatic stay are void ab initio, and not merely voidable), if the transfer made in violation of the stay is to be considered voidable, rather than void, the bankruptcy case must be open in order for the avoidance remedy to be available, *see* 11 U.S.C. § 549(d) ("An action or proceeding under this section may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) *the time the case is closed or dismissed*."); *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 194 (E.D. Va. 2005) (deeming the property transfer in violation of the automatic stay voidable, not void).

Neither the Supreme Court nor the Fourth Circuit has squarely addressed whether a transfer in violation of the stay is void or voidable. *See Winters v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) (citing competing authority on this issue, but holding that the plaintiff "lacks standing to challenge the agreement as either void or voidable").

Although a majority of circuits have come to deem transfers made in violation of the stay "void," there is no dispute among the circuits that a bankruptcy court can retroactively validate an action in violation of the stay pursuant to section 362(d). "Arguably, since a void action cannot be given effect through cure, the ability to annul the stay retroactively may suggest that an action taken in violation is not void, but merely invalid." 3 *Colliers on Bankruptcy* ¶ 362.07[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2005). Additionally, deeming such violations as "voidable" seems more consistent with section 549's filing restrictions. Accordingly, the Court shall do so here, and Plaintiff is statutorily barred from having the foreclosure sale vacated.

In any event, Plaintiff having previously indicated that the second bankruptcy case, filed not long after the first, was initiated merely for the purpose of "stop[ping] a foreclosure on her home," *In re Houck*, No. 11-51513, doc. 9, at 1 (Bankr. W.D.N.C. Jan. 31, 2012), relief from the stay in this case may be appropriate, *see* 11 U.S.C. § 362(d)(4) (enabling the Court to grant relief from the stay under specified circumstances), thus rendering the void–voidable distinction moot.

Because it appears that only an award for damages may be available to Plaintiff, preliminary, injunctive relief is not appropriate at this time. **IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Preliminary Injunction, as a motion for a temporary restraining order, be **DENIED** without prejudice. (Doc. 2.)

Signed: May 6, 2013

Richard L. Voorhees
United States District Judge