IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-00066-RLV-DSC

| | |
|---|---|
| DIANA LOUISE HOUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LIFESTORE BANK, GRID | ) |
| FINANCIAL SERVICES, INC., | ) |
| and SUBSTITUTE TRUSTEE | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff Houck's Motion for Reconsideration, filed May 9, 2013. (Doc. 8.) Therein, Plaintiff asks the Court to reconsider its Order denying without prejudice her Motion for Preliminary Injunction. (Doc. 6.)

Reconsideration of a prior order is appropriate where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (citations omitted); *see also Carolina Internet, Ltd. v. TW Telecom Holdings, Inc.*, No. 3:11-310, 2011 WL 4459204, at *1 (W.D.N.C. Sept. 26, 2011) (Mullen, J.). Plaintiff bases her arguments in the third element, proffering as grounds for reconsideration the substantial authority, already recognized by the Court in its prior Order, deeming as void ab initio post-bankruptcy-petition transfers made in violation of the automatic stay. However, Plaintiff's head counting has not undermined the reasoning advanced in the Court's prior Order. Furthermore, the Court offered an alternative basis for its decision, namely, that relief from the automatic stay in this case may be appropriate.

1

Accordingly, the Court would give Defendants the opportunity to respond before revisiting Plaintiff's request for a preliminary injunction.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 8) be **DENIED**.

Signed: May 13, 2013

Richard L. Voorhees
United States District Judge