# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO: 5:13-CV-66-DSC

| | |
|---|---|
| DIANA LOUISE HOUCK, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LIFESTORE BANK, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Defendant Substitute Trustee Services, Inc.'s Motion to Dismiss … Second Amended Complaint" (document #46), and the parties' associated briefs and exhibits. See documents ## 47, 49, and 50.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c). This Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will grant the Motion to Dismiss, as discussed below.

This matter involves the foreclosure of a deed of trust on real property located at 318 Todd Railroad Grade Road ('the Property") in Todd, North Carolina. On February 22, 2007, Plaintiff Diana Louise Houck ("Houck") borrowed $123,000.00, as evidenced by a promissory note ("the Note") and secured by a Deed of Trust recorded in Book 361 at Page 2052 by the Ashe County Register of Deeds ("the Deed of Trust").

On or about July 19, 2011, Defendant Substitute Trustee Services, Inc. ("STS") initiated a foreclosure action in Ashe County Superior Court at the request of the Note holder, Defendant

LifeStore Bank Corporation.

On August 23, 2011, an Assistant Clerk of Superior Court issued an Order Allowing Foreclosure of the Property.

On September 12, 2011, Houck filed for Chapter 13 Bankruptcy Protection in the United States Bankruptcy Court for the Western District of North Carolina, Case No.: 11-51141 (the "first petition"). According to the Second Amended Complaint, only Defendant LifeStore was sent notice of the petition. On the next day, the foreclosure proceeding was stayed.

On September 30, 2011, the Court dismissed the first petition.

On November 4, 2011, STS moved to re-open the foreclosure proceeding.

On December 16, 2011, Houck again filed for Chapter 13 Bankruptcy Protection in the United States Bankruptcy Court for the Western District of North Carolina, Case No.: 11-51513 (the "second petition"). Houck failed to file a matrix, schedule and other information necessary to properly serve her creditors. That same day, the Court issued a Notice of Deficient Filing and Order to Appear and Show Cause (W.D.N.C. Bankr. 11-51513 Docs. 2 and 3). According to the Second Amended Complaint, as with the first petition, only Defendant LifeStore was sent notice of the second petition. There is no allegation that STS ever received notice of the second petition.

On December 20, 2011, STS sold the Property at a foreclosure sale.

On December 21, 2011, the second petition was dismissed (W.D.N.C. Bankr. 11-51513 Doc. 9).

On April 26, 2013, Plaintiffs filed their Complaint, which as amended, asserts a claim pursuant to 11 U.S.C. § 362 against STS for conducting a foreclosure sale in violation of the bankruptcy stay. Plaintiffs also assert state law claims for unfair and deceptive trade practices,

unfair debt collection, breach of contract, fraud, constructive fraud, intentional and negligent infliction of emotional distress, and civil conspiracy. The gravamen of Plaintiffs' state law claims against STS is that it had notice of the second petition and violated the bankruptcy stay by conducting a foreclosure sale.

On September 10, 2013, STS filed its Motion to Dismiss asserting among other things that Plaintiffs have failed to plead the requisite notice. Defendant's Motion has been fully briefed and is ripe for disposition.

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted

challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Applying those legal principles to the factual allegations here, Plaintiffs have failed to state a claim against STS. The Second Amended Complaint is replete with generalized and conclusory allegations that the sale was "improper" or "conducted improperly." The only specific factual allegation against STS is that it conducted the foreclosure sale in violation of the bankruptcy stay.

In order to prevail on a claim for a violation of an automatic stay, the debtor must show "(1) injury to the debtor (2) cause[d] by a 'willful' violation of the stay." In re Peterson, 297 B.R. 467, 470 (W.D.N.C 2003)(citing In re Hamrick, 175 B.R. 890, 893 (W.D.N.C. 1994)). The

4

debtor must establish that: (1) the creditor knew of the existence of the stay; (2) the creditor's actions were willful; and (3) the creditor's actions violated the stay. Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 355 (5th Cir. 2008). Despite amending their Complaint twice, Plaintiffs have failed to allege that they sent notice of the second petition to STS or that STS had any notice of the petition.

Absent sufficient allegations that STS conducted the foreclosure sale in violation of the bankruptcy stay, Plaintiffs' state law claims fail as well.  See, e.g., Bob Timberlake Collection v. Edwards, 176 N.C. App. 33, 39 (2006) (claim for fraud requires false representation or concealment of material fact and intent to deceive); Davis Lake Comm. Ass'n, Inc. v. Feldman, 138 N.C. App. 252 (2000)(claim for unfair debt collection requires unfair act);  Furr v. Fonville Morisey Realty, Inc., 130 N.C. App. 541 (1998) (claim for unfair and deceptive trade practices requires unfair or deceptive practice); Fletcher v. Fletcher, 123 N.C. App. 744, 752  (1996) ("breach of contract is only actionable if a material breach occurs -- one that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform").   Bald assertions that the foreclosure sale was "improper" are insufficient.  Twombly, 550 U.S. at 555.

For these reasons, and the other reasons stated in Defendant's briefs, its Motion to Dismiss is granted.

**IT IS THEREFORE ORDERED THAT:**

1.   "Defendant Substitute Trustee Services, Inc.'s Motion to Dismiss ... Second Amended Complaint" (document #46) is **GRANTED**.   The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Substitute Trustee Services, Inc.

2.   The Clerk is directed to send copies of this Order to the parties' counsel.

**SO ORDERED**.

Signed: October 1, 2013

David S. Cayer
United States Magistrate Judge