**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-66-DSC**

| | |
|---|---|
| DIANA LOUISE HOUCK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER** |
| LIFESTORE BANK, GRID FINANCIAL ) | |
| SERVICES, INC., and SUBSTITUTE ) | |
| TRUSTEE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

This matter having come before the Court on the Parties Joint Motion, it his hereby ORDERED AND DECREED:

**I. DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL.**

Any Party or Non-Party producing documents or information in this matter pursuant to formal discovery request or subpoena (the "Producing Party") may designate any documents and information it produces in this matter as "**Confidential**," if the Producing Party believes that the material (1) contains information that is proprietary or commercially sensitive; (2) contains trade secrets or other confidential research, development, or commercial information; (3) contains non-public information of a personal or private nature including, but not limited to, employee personnel files and confidential information regarding persons or entities that are not party to this matter; or (4) includes documents or information that is otherwise confidential and should be protected from public dissemination. Such documents and information designated as "Confidential" are referred to herein as "Confidential Material." The Producing Party may

designate material and information it considers to be Confidential Material by marking it, or the medium on which it is produced (e.g., compact disk) as "Confidential."

A Producing Party may designate documents and information it produces as "**Highly Confidential**" if the Producing Party believes that the material is of such a highly sensitive nature that the Producing Party or a third party to whom the Producing Party owes a duty of confidentiality could suffer substantial harm or disadvantage if the information were used by or disclosed beyond counsel. Such documents and information designated as "Highly Confidential" are referred to herein as "Highly Confidential Material."  The Producing Party shall designate material and information it considers to be Highly Confidential Material by marking it, or the medium on which it is produced, as "Highly Confidential."

## II. CONTESTING DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL.

If any Party receiving material designated by the Producing Party as "Confidential" or "Highly Confidential" (the "Receiving Party") believes in good faith that such designation was improper or unjustified, counsel for that Party shall specify in writing to the Producing Party (i) the information in issue and (ii) the grounds for questioning the designation. The Producing Party must respond in writing within seven (7) business days or within such additional time as the Parties' may agree. If the Parties do not reach agreement regarding confidentiality, the Receiving Party may file a motion with the court to remove the confidentiality designation.  The Producing Party shall bear the burden to show that material designated as Confidential or Highly Confidential qualifies for protection under the terms of this Order.  Until the Producing Party agrees to or is ordered to withdraw its designation of material or information as Confidential or

Highly Confidential Material, the Parties shall continue to treat such material or information as Confidential or Highly Confidential Material consistent with the terms of this Order.

## III. USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL.

1. **Disclosure of Confidential Material.** Except as otherwise provided in this Order, information designated as **Confidential** may not be given, shown, read, or disclosed to any person other than:

    a) The Court and its personnel;
    b) The Parties and their current employees, officers, and/or directors;
    c) Court reporting personnel involved in taking or transcribing testimony in the Proceedings;
    d) Outside counsel for any Party, and employees under the direct supervision of such counsel;
    e) Providers of litigation support, duplicating, and auxiliary services of a similar nature, routinely engaged by counsel for any Party;
    f) Persons who were authors or recipients of the Confidential Material in the ordinary course of business;
    g) Any person whose testimony is noticed to be taken, including Non-Party witnesses, for purposes of the Proceedings, provided that: (i) there is a reasonable basis for such disclosure; and (ii) such person may only be shown information designated as Confidential Material during or in preparation for his or her testimony, and may not retain any such information;
    h) Experts or consultants retained by the Receiving Party to whom it is necessary that Confidential Material be shown for purposes of the Proceedings, provided that the person is given a copy of this Order and agrees in writing to be bound by its terms as provided below;
    i) Any current or former employees, officer, or director of any Party, as reasonably necessary for purposes of the Proceedings, for use only in connection with the Proceedings, provided that in the case of former employees the former employee is given a copy of this Order agrees in writing to be bound by its terms as provided below; and
    j) Any person whom the Producing Party agrees in advance and in writing may receive such protected information.

2. **Disclosure of Highly Confidential Material.** Except as otherwise provided in this Order, information designated as **Highly Confidential** may not be given, shown, read, or disclosed to any person other than the following:

a) The Court and its personnel;
b) Court reporting personnel, as reasonably necessary to facilitate the taking or transcribing of testimony in this Matter;
c) Outside counsel for any Party, and employees under the direct supervision of such counsel;
d) Persons who were authors or recipients of the Highly Confidential Material in the ordinary course of business;
e) Experts or consultants retained by the Receiving Party to whom it is necessary that Highly Confidential Material be shown for purposes of the Proceedings, provided that the person is given a copy of this Order and agrees in writing to be bound by its terms as provided below;
f) Any person whom the Producing Party agrees in advance and in writing may receive such protected information;

3. **Information Generated From Confidential or Highly Confidential Material.** Any copies, photographs, representations, or quoted excerpts of materials or information designated Confidential or Highly Confidential shall be treated in the same manner as the source material.

4. **Deposition Testimony.** Depositions transcripts shall be deemed temporarily designated as Highly Confidential for a period of thirty (30) days following availability of the transcript. Within such thirty-day period, counsel shall review the transcript and designate only those pages of the transcript that the Producing Party believes constitute, reflect, or disclose Highly Confidential or Confidential information. Counsel for any Party or the witness may also designate during a deposition that certain information disclosed during a deposition is to be treated as Highly Confidential by indicating on the record of the deposition and shall be part of a separate transcript of such material.

Notwithstanding any automatic or specific designations under this paragraph, a Party may object to Highly Confidential or Confidential designations pursuant to Part II, above.

When information or documents designated as Highly Confidential are disclosed or discussed during a deposition, counsel for the witness or any Party who may be affected by disclosure shall have the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such Highly Confidential information or documents pursuant to this Order.

5. **Acknowledgment of Confidential Material**. Counsel for the respective Parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement to be bound by the terms of this Order of any person to whom any Confidential or Highly Confidential Material is disclosed, if so required under Parts III.1 or III.2, above. Such written agreement shall be the following form:

> I, _____ employed by _____ , hereby acknowledge that I have read the stipulated confidentiality order entered on _____ in the matter designated Case No. 5:13-cv-00066, United States District Court, Western District of North Carolina, in which Diane Houck is Plaintiff; that I understand the terms thereof' and that I agree to be bound by such terms. I further agree to be subject to the jurisdiction of the Court for purposes of enforcement of the terms of the order referenced above.
> This ___ day of ... _____ , 200__
> _____
> SIGNATURE

6. **Use in Depositions and Hearings.** Subject to the terms of this Order and to the Federal Rules of Civil Procedure, any Party may utilize Confidential or Highly Confidential Material in the course of a deposition or hearing provided that, prior to his or her examination, the witness is furnished with a copy of this Order and has executed a written agreement as provided above. If a Non-Party witness has refused to execute such written agreement, he or she shall be advised on the record that he or she is subject to sanctions, including contempt in the event he or she should violate the terms of this Order. This

admonition shall serve as a substitute for the execution of the written agreement set forth above and shall permit examination of the witness on documents or other information containing Confidential or Highly Confidential Material.

7. **Service of Subpoenas.** When serving subpoenas on Non-Parties, a copy of this Order shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order.

8. **Responses to Interrogatories or Requests for Admission.** Confidential Material may be referred to in responses to interrogatories or requests for admission made by the Receiving Party, provided that the responses to interrogatories or requests for admissions in which the Confidential Material is revealed is prominently marked as Confidential or Highly Confidential, as the case may be.

9. **Court Filings.** This Order shall constitute entry of an order in accordance with Local Rule 6.1 allowing Parties to file Confidential Material in this Court under seal without prior approval or order of the Court. Confidential Material attached as an exhibit to any filing shall be filed under seal in accordance the procedures set forth in Local Rules. Absent the Producing Party's agreement, which shall not be unreasonably withheld or delayed, Confidential Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal in accordance with Local Rules.

## IV. <u>INADVERTENT DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL</u>

The inadvertent or unintentional disclosure of Confidential or Highly Confidential Material shall not be deemed a waiver of the Producing Party's claim of confidentiality. In the event of an inadvertent disclosure of Confidential or Highly Confidential Material to any person or Party, the Producing Party shall:

1. Promptly notify the person to whom the disclosure was made that it contains Confidential or Highly Confidential Material subject to this Order;

2. Promptly make reasonable efforts to obtain the return of the Confidential or Highly Confidential Material from and preclude its dissemination or use by the person to whom disclosure was inadvertently made; and

3. Within five business days, serve the Producing Party with a written notice stating the identity of the person to whom the disclosure was made, the nature of the disclosure, and the steps taken to obtain the return of the improperly disclosed documents, information or things and to ensure against their further dissemination or use.

## V. <u>INADVERTENT FAILURE TO DESIGNATE.</u>

The inadvertent or unintentional failure to designate Confidential or Highly Confidential Material as Confidential or Highly Confidential shall not be deemed a waiver of a Party's claim of confidentiality as to such information. If a Party inadvertently fails to designate Confidential or Highly Confidential Material as such at the time of production, that Party may thereafter as soon as practicable make such designation. Thereafter, such document or information shall be subject to the provisions of this Order. No demonstration or proof of error, inadvertence, or excusable neglect by the Producing Party shall be required for such designation.

The Receiving Party or Parties, after receiving notice of this subsequent designation, shall promptly notify the Producing Party as to the identity of each Party or persons, if any, to whom the previously undesignated material was disclosed, other than persons permitted to receive Confidential and Highly Confidential Material by this Order, and shall diligently attempt to retrieve all copies of the undesignated materials.

## VI. NO APPLICATION TO MATERIAL OR INFORMATION NOT OBTAINED THROUGH DISCOVERY IN THIS MATTER.

Nothing in this Order shall preclude any Party, its counsel, or any other person from disclosing or using, in any manner or for any purpose, its own information or any information or documents not obtained in discovery in this action, even though the same information or copies of the same documents may have been produced in discovery in the action and designated as Confidential or Highly Confidential Material.

## VII. ENFORCEMENT, SURVIVAL, AND DESTRUCTION OF CONFIDENTIAL MATERIAL.

The terms of this Order shall be binding on all Parties and any other individual or entity that receives such Order, and shall be enforceable upon the Motion of the Producing Party. The terms of this Order shall continue to be binding upon the Parties and non-parties so bound after the final disposition of this matter and all appeals therefrom ("termination").

Within thirty days after the termination, all Confidential and Highly Confidential Material and all copies thereof shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed, provided, however, that: (a) each Party may retain a complete file of all depositions and court papers served or filed with the Court in the Action; (b) the attorneys for the Receiving Party may retain materials which, in their judgment, constitute or are a part of their work product; and (c) all Confidential and Highly Confidential Material not

returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order.

**SO ORDERED.**  Signed: January 7, 2014

David S. Cayer
United States Magistrate Judge