IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO: 5:13-CV-66-DSC

| | |
|---|---|
| DIANA LOUISE HOUCK, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LIFESTORE BANK, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Defendant Grid Financial Services, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction" (document #70) and "Brief in Support …" (document #70-1), both filed January 22, 2014. Plaintiffs have not filed a response and the time for filing one has expired. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c). This Motion is now ripe for consideration.

This matter involves the foreclosure of a deed of trust on real property located at 318 Todd Railroad Grade Road ('the Property") in Todd, North Carolina. On February 22, 2007, Plaintiff Diana Louise Houck ("Houck") borrowed $123,000.00, as evidenced by a promissory note ("the Note") and secured by a Deed of Trust recorded in Book 361 at Page 2052 by the Ashe County Register of Deeds ("the Deed of Trust").

Plaintiffs allege that sometime in July or August 2009, Diana Houck contacted the Note holder, Defendant LifeStore Bank Corporation, F.S.A. ("Lifestore") seeking a loan modification and lower monthly payments. Lifestore referred her to Defendant Grid Financial Services, Inc. ("Grid"), which was acting as the collection agent on the delinquent loan. Plaintiffs allege that a

1

Grid employee advised Houck to stop making any mortgage payments so that she could qualify for a modification of the loan. Plaintiffs contend that the employee knew that Grid and Lifestore would not approve a modification.

On or about July 19, 2011, Defendant Substitute Trustee Services, Inc. ("STS") initiated a foreclosure action in Ashe County Superior Court at the request of Lifestore.

On August 23, 2011, an Assistant Clerk of Superior Court issued an Order Allowing Foreclosure of the Property.

On September 12, 2011, Houck filed for Chapter 13 Bankruptcy protection in the United States Bankruptcy Court for the Western District of North Carolina, Case No.: 11-51141 (the "first petition"). According to the Second Amended Complaint, only LifeStore was sent notice of the first petition. The foreclosure proceeding was stayed the following day.

On September 30, 2011, the Court dismissed the first petition.

On November 4, 2011, STS moved to re-open the foreclosure proceeding.

On December 16, 2011, Houck again filed for Chapter 13 Bankruptcy protection in the United States Bankruptcy Court for the Western District of North Carolina, Case No.: 11-51513 (the "second petition"). Houck failed to file a matrix, schedule and other information necessary to properly serve her creditors. That same day, the Court issued a Notice of Deficient Filing and Order to Appear and Show Cause (W.D.N.C. Bankr. 11-51513 Docs. 2 and 3). According to the Second Amended Complaint, only LifeStore was sent notice of the second petition. There is no allegation that Grid ever received notice of the second petition.

On December 20, 2011, STS sold the Property at a foreclosure sale.

On December 21, 2011, the second petition was dismissed (W.D.N.C. Bankr. 11-51513 Doc. 9).

On April 26, 2013, Plaintiffs filed their Complaint, which as amended, asserts a claim pursuant to 11 U.S.C. § 362(k) for conducting a foreclosure sale in violation of the bankruptcy stay.  Plaintiffs also assert state law claims for unfair and deceptive trade practices, unfair debt collection, breach of contract, fraud, constructive fraud, intentional and negligent infliction of emotional distress, and civil conspiracy.  The gravamen of the claims is that Lifestore and Grid conspired to cause Plaintiffs to fall behind on their mortgage payments so that Lifestore could foreclose.  Plaintiffs assert that Lifestore had notice of the second petition and violated the bankruptcy stay by conducting the foreclosure sale.

On October 1, 2013, the Court granted Defendant STS's Motion to Dismiss.  The only claims pled against STS were for violation of the bankruptcy stay. Plaintiffs did not allege that STS had notice of the second petition. See "Memorandum and Order" at 4-5 (document #51).

On January 15, 2014, the Court granted in part Lifestore's "Motion to Dismiss Second Amended Complaint" (document #52) as to Plaintiffs' claims for intentional and negligent infliction of emotional distress.  See "Memorandum and Order" (document #69).  The Court also granted in part Grid's "Motion to Dismiss … Second Amended Complaint" (document #54) as to Plaintiffs' claims brought under 11 U.S.C. § 362(k) and N.C. Gen. Stat § 75-55, as well as those for breach of contract and intentional and negligent infliction of emotional distress.

On January 22, 2014, Grid filed its Motion to Dismiss for lack of subject matter jurisdiction.  As Grid argues, "11 U.S.C. §§ 362 does not create a private cause of action outside of the Bankruptcy Court for violations of the automatic stay." Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709, 719 (E.D. Va. 2003)), aff'd sub nom., 67 Fed. App. 238 (4th Cir. 2003) (per curiam); see also Bankruptcy Law Manual § 7.57 ("[T]he bankruptcy court has exclusive jurisdiction to adjudicate a debtor's claim for damages under this provision of the

Code.") (citing Eastern Equipment & Servs. Corp. v. Factory Point Nat. Bank, 236 F.3d 117 (2d Cir. 2001)).  Houck's second petition was dismissed by the Bankruptcy Court.  Therefore, dismissal of the § 362 claim is the appropriate remedy here.

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over remaining state law claims.  28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited.  Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims).  See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c))).

Accordingly, the Court declines supplemental jurisdiction of Plaintiff's surviving state law claims.

## III. ORDER

**IT IS THEREFORE ORDERED THAT:**

1. "Defendant Grid Financial Services, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction" (document #70) is **GRANTED**. The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel.

**SO ORDERED**.

Signed: February 20, 2014

David S. Cayer
United States Magistrate Judge