RECORD NO. _____

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

### IN RE DIANA LOUISE HOUCK

*Petitioner.*

**PETITION FOR WRIT OF MANDAMUS to the
UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NORTH CAROLINA in
*HOUCK v. LIFETORE BANK, et al.*, No. 5:13-CV-66 (W.D.N.C.)**

**PETITION FOR WRIT OF MANDAMUS
ON BEHALF OF DIANA LOUISE HOUCK**

**M. Shane Perry - NC Bar No. 35498
COLLUM & PERRY
109 W. Statesville Ave.
Mooresville, NC 28115
P: 704-663-4187
shane@collumperry.com
Counsel for Petitioner**

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT……………………….……………1

PRELIMINARY STATEMENT………………………………….….…………..2

STATEMENT OF THE FACTS ……………………………...…………...2

STATEMENT OF THE ISSUE PRESENTED ……………………….…………5

RELIEF SOUGHT……………………………………………...…………6

STATEMENT OF THE REASON WHY THE WRIT SHOULD ISSUE…….…6

    I.    MANDAMUS IS THE PROPER METHOD OF REVIEW AND FORM OF RELIEF. …………………………………………………….….……6

    II.    THE REFERRAL TO BANKRUPTCY COURT WAS IMPROPER BECAUSE THERE IS NOT JURISDICTION FOR THE BANKRUPTCY COURT TO HEAR THESE CLAIMS WHEN THERE IS NO ESTATE. ……………………………………………….……..…8

CONCLUSION ………………………………………………...………..…….13

CERTIFICATE OF SERVICE ………………………………….….……………14

## TABLE OF AUTHORITIES

**CASES**

*A. H. Robins Co. v. Piccinin*,
   788 F.2d 994 (4th Cir. 1986)……………………………………………….10

*Abner v. Mate Creek Loading, Inc. (In re Mid-Atl. Res. Corp.)*,
   283 B.R. 176 (S.D.W.Va. 2002)……………………………………..……..11

*Constantine v. Rectors & Visitors of George Mason Univ.*,
   411 F.3d 474 (4th Cir. 2005)………………………………………...……..9

*Diana Houck, et al. v. Lifestore Bank, et al.*,
   Adversary No. 15-05028 (W.D.N.C. Bankr., Feb. 1, 2015) (Order Staying Adversary Proceeding)…………...…………………………………….....4

*Diana Houck, et al. v. Lifestore Bank, et al.*
   Adversary No. 15-05028 (W.D.N.C. Bankr., Nov. 3, 2015) (Order Requiring Briefing on Questions of Status, Jurisdiction and Preemption,)...…………..3

*Executive Benefits Insurance Agency v. Arkison*,
   134 S. Ct. 2165 (2014)……………………….....…………………….10, 12

*General Tire & Rubber Co. v. Watkins*,
   373 F.2d 361 (4th Cir. Md. 1967)…………………………………..……..8

*Houck v. Lifestore Bank., et al.*,
   No. 5:13-CV-66 (W.D.N.C., Feb. 1, 2016) (Order) ………...…..……......4

*Houck v. Lifestore Bank., et al.*,
   No. 5:13-CV-66 (W.D.N.C., Sept. 23, 2015) (Order of Referral to the Bankruptcy Court)………………………………………………………...3

*Houck v. Lifestore Bank., et al.*
   No. 5:13-CV-66 (W.D.N.C., Mar. 1, 2016) (Order)..………………......…5

*Houck v. Substitute Trustee Servs.*,
   791 F.3d 473 (4th Cir., 2015)…... ………..…........……..……….2, 9, 10, 12

*In re Celotex Corp.*,
  124 F.3d 619 (4th Cir. 1997)……………………………………………...……..10

*In re First Fed. Sav. & Loan Ass'n of Durham*,
  860 F.2d 135 (4th Cir. 1988)……………………………………………..…….6

*In re Underhill*,
  579 Fed. Appx. 480, 482 (6th Cir. 2014)…………………………………..12

*New Horizon of N.Y. LLC v. Jacobs*,
  231 F.3d 143 (4th Cir. N.C. 2000)………………………..……………10, 11

*Pacor, Inc. v. Higgins*,
  743 F.2d 984 (3d Cir. Pa. 1984)…………………………………...…….10, 11, 12

*Roche v. Evaporated Milk Ass'n*,
  319 U.S. 21 (U.S. 1943)……………………………………………………….7

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83, 94-95 (U.S. 1998)……………………………………….……9

*Stern v. Marshall*,
  564 U.S. 2 (2011)……………………………………………......……………10, 12

*Valley Historic Ltd. P'ship v. Bank of N.Y.*,
  486 F.3d 831 (4th Cir., 2007)……………………………………………………11

**STATUTES**

11 U.S.C. § 303…………………………….…………………………………………......12

11 U.S.C. § 362……….…………………………...............……….…..……..9, 12

11 U.S.C. § 541……………………………………………………………………..12

28 U.S.C. § 157…………………………….…..………………………….……..9, 10, 11, 12

28 U.S.C. § 1334……………………………………………………….…….…..9, 11

28 U.S.C. § 1291………………………………………………………………..………….7

28 U.S.C. § 1292…………………………………………………………...……….7

28 U.S.C. § 1651(a)………………………………………………………...……………7

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Fourth Circuit Local Rule 26.1, the Petitioner, through counsel, makes the following disclosures:

1. Petitioner is not a publicly held corporation or other publicly held entity.

2. Petitioner has no parent corporations.

3. Petitioner is an individual and so has no stock.

4. There is no publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of this litigation.

5. Petitioner is not a trade association.

6. This case does not arise out of a bankruptcy proceeding.

*/s/ M. Shane Perry*              March 14, 2016
M. Shane Perry

1

## PRELIMINARY STATEMENT

This Petition challenges the magistrate court's referral of this case to bankruptcy court. The Petitioner will demonstrate herein that there is no jurisdiction in the bankruptcy court for this case based on the Constitution, relevant statutes and the binding precedent of this Court and the Supreme Court.

## STATEMENT OF THE FACTS

This case came before this Court previously in *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir., 2015). After the case was reopened by the lower court, the court granted two motions to enlarge time to answer, and a consent motion to amend the scheduling order. Nothing of the substance of those actions is important to this Petition. On September 9, 2015, Defendant Grid Financial Services, Inc., filed with the lower court a "Status Report and Suggestion of Unresolved Dispositive Motion" to which the Petitioner responded. Again, the merits of the motion and response are not at issue here; however, instead of ruling on the motion, the magistrate court referred the case in its entirety to the bankruptcy court. The Order reads in relevant part:

> The case centers on Plaintiff's cause of action under 11 U.S.C. § 362(k) for violation of an automatic stay.
> Pursuant to 11 U.S.C. § 157(a), the Court's "Amended Standing Order of Reference" 3:14-MC-44, and the Fourth Circuit's opinion in this case, see Document #83, this Court refers this case to the Bankruptcy Court for recommended findings of fact and conclusions of law. *Stern v. Marshall*, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011).

2

Appx. 1. The case was assigned to the Honorable Judge Laura Beyer, Chief Judge of the United States Bankruptcy Court for the Western District of North Carolina as Adversary No. 15-05028. Shortly thereafter the Clerk entered a Notice of Status Hearing in the bankruptcy court. Appx. 2. The Court will notice that there is no base case to which this adversary proceeding is attached. On the Notice, the "in re" line of the caption is left blank as to the debtor and the bankruptcy case number and chapter. Since this case was a civil action filed in district court, the Clerk had no bankruptcy case number and certainly no chapter number for the adversary proceeding. The Petitioner was not in a bankruptcy at the time and did not wish to be. Moreover, no involuntary petition had been filed on her behalf pursuant to 11 U.S.C. § 303, mainly because there is no involuntary Chapter 13 bankruptcy petition, yet that is the impact of what has happened subsequently.

On October 28, 2015, counsel for Petitioner made a special appearance before the bankruptcy court as ordered and while there explained to the court that there was no jurisdiction for the civil case in the bankruptcy court and that the Petitioner did not submit to jurisdiction of the claims in the bankruptcy court. The bankruptcy court next ordered the parties to submit a brief on several issues including jurisdiction and to appear on January 19, 2016. Appx. 3. Prior to the January 14, 2016, deadline of that Order, Petitioner submitted a preliminary memorandum in an attempt to show the bankruptcy court that there was a lack of

3

jurisdiction there for this case and in hopes of forestalling further delay in the case. Appx. 11.

Hearing nothing from the bankruptcy court, Petitioner then submitted to the magistrate court a motion with supporting brief to withdraw the reference of this case to bankruptcy court, hoping to show the court that under the law the bankruptcy court had no jurisdiction over the Petitioner's case. Appx. 15, 17.

Pursuant to the November 3, 2015, order of the bankruptcy court, Petitioner submitted a memorandum of law on special appearance to show the bankruptcy court that it lacked jurisdiction in this matter. Appx. 22.

On January 29, 2016, counsel for Petitioner appeared before the bankruptcy court on special appearance and alerted the bankruptcy court that Petitioner had filed a motion to withdraw the reference in the district court. Rather than proffer a ruling on the briefs submitted by the parties that might conflict with the district court, the bankruptcy court ordered the adversary proceeding stayed until the district court ruled on the motion to withdraw the case. Appx. 49.

On that same day, the magistrate court denied the Petitioner's motion to withdraw the reference to bankruptcy court "[f]or the reasons previously stated in the Court's 'Order of Referral to the Bankruptcy Court' (document #93)." Appx. 51.

Petitioner then filed a Motion for Certification with supporting brief in the district court to appeal the denial of the motion to withdraw the referral to bankruptcy court. Appx. 52, 54. At that point, only an interlocutory appeal would stop Petitioner from being forced into a court that did not have jurisdiction over her. If she fails to appear in that court, at least by special appearance, she will receive a default dismissal and be irreparably harmed. Every attempt to show the district court that the bankruptcy court had no jurisdiction had failed.

Defendant Substitute Trustee Services, Inc., filed a response in opposition to the motion for certification and attached its memorandum of law that was ordered by the bankruptcy court on November 3, 2015. Appx. 58, 62.

The magistrate denied the Petitioner's motion for interlocutory appeal "[f]or the reasons previously stated in the Court's 'Order of Referral to the Bankruptcy Court' (document #93), and in Defendant Substitute Trustee Services, Inc. 'Response …' (document #97) and 'Memorandum …' (document #97-1)." Appx. 73. Subsequently Petitioner alerted the bankruptcy court and all defendants by email that she planned to file this Petition for Writ of Mandamus.

## STATEMENT OF THE ISSUE PRESENTED

Whether the magistrate court erred in referring this case to bankruptcy court in light of the fact that no bankruptcy estate exists, the Petitioner never consented

5

to jurisdiction in the bankruptcy court and no jurisdiction exists under law for the bankruptcy court to hear this case.

## RELIEF SOUGHT

Petitioner seeks a Writ of Mandamus directing the magistrate court to withdraw the reference of this case to the bankruptcy court and to hear this case on its merits.

## STATEMENT OF THE REASONS WHY THE WRIT SHOULD ISSUE

I. <u>MANDAMUS IS THE PROPER METHOD OF REVIEW AND FORM OF RELIEF.</u>

Mandamus is appropriately granted when (1) "the petitioner has shown a clear right to the relief sought;" (2) the respondent has "a clear duty" to perform the act requested; and (3) "no other adequate remedy is available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). As demonstrated below, the Petitioner has the right to have her case heard in a court with appropriate jurisdiction, the United States Code and the precedence of this Court and the Supreme Court demand the same, and a petition for an interlocutory appeal was rejected by the lower court. If the Petitioner is to avoid being forced into a court that has no jurisdiction to hear her claims, the Writ of Mandamus is her only available remedy.

The Petitioner concedes that the order of referral to bankruptcy court in this case is not a "final decision" within the meaning of 28 U.S.C. § 1291. Also, the order of referral is not one of those exceptional classes of interlocutory orders immediately appealable to the courts of appeals under 28 U.S.C. § 1292. Therefore the order in question is not now reviewable on appeal, in the exercise of the Court's ordinary appellate jurisdiction. Interlocutory appeal was denied the Petitioner.

Consequently, Petitioner now prays for this Court to review this order by a Writ of Mandamus under the all writs section of 28 U.S.C. 1651(a). "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*. Given the status of this case, a Writ is the only possible recourse for the Petitioner to avoid having to litigate in a court without jurisdiction over her claims. This is one of the most important reasons for the Writ of Mandamus to exist: the correction of jurisdictional issues, given that these are such basic issues:

> The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (U.S. 1943). The role was expanded later, but the purpose of correcting jurisdictional errors is the primary purpose of the Writ of Mandamus. In the case *sub judice*, a court without

jurisdiction is going to rule on the Petitioner's case if it is not withdrawn. All possible alternative actions have been exhausted and the only hope to correct the jurisdictional error is for this Court to issue a Writ:

> [O]ur interest is with effective administration and supervision of the courts of our circuit. It is obvious that if we postpone action until appeal after final judgment, the question will have become moot and the damage done. We do not believe that the rule developed in those cases was intended to prevent our acting in this extraordinary situation.

*General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 370 (4th Cir. Md. 1967).

The bankruptcy court has no jurisdiction to hear this case, as the Petitioner will demonstrate, *infra*. If this Court does not issue a writ directing the district court to hear this case, the Plaintiff will endure another series of battles in a court that should never have heard this case in the first place. The Plaintiff will have to go through the paces of a moot procedure to get a ruling that is *void ab initio* and then appeal that order and endure the appellate process a second time.

There is no way to recover from the damage of having to litigate a case in a court that has no jurisdiction over the Plaintiff. The Plaintiff has a constitutional right not to have to pursue a claim in a court with no jurisdiction; with her attempt to file an appeal denied, a Writ is her last hope.

    II.    <u>THE REFERRAL TO BANKRUPTCY COURT WAS IMPROPER BECAUSE THERE IS NOT JURISDICTION FOR THE BANKRUPTCY COURT TO HEAR THESE CLAIMS WHEN THERE IS NO ESTATE.</u>

8

As an initial matter, the district court has an obligation to examine the bankruptcy court's jurisdiction before it can refer this case:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. * * * **This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.** The requirement that jurisdiction be established as a threshold matter * * * is inflexible and without exception.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (U.S. 1998) (citations and punctuation omitted) (emphasis supplied). *See*, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474 (4th Cir. 2005). Referring this case to the bankruptcy court where there is no jurisdiction puts the bankruptcy court in the untenable position of declaring itself without jurisdiction in a case that was referred to it by the district court.

Jurisdiction for any action in bankruptcy court is fundamentally related to a bankruptcy base case. *See* 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. There has never been a bankruptcy case in this lawsuit which began properly in federal district court as a civil matter. *See*, *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. N.C. 2015) (holding that the district court has jurisdiction for a claim under 11 U.S.C. § 362 filed after the close of a bankruptcy case). The case was then referred to the bankruptcy court and eventually consolidated with the Plaintiff's previous bankruptcy case as shown *supra*. The Plaintiff believes there

9

was no jurisdiction in bankruptcy court for that referral and she had never consented to jurisdiction in the bankruptcy court for this case.

28 U.S. Code § 157(b)(1) states that "Bankruptcy judges **may** hear and determine all … core proceedings arising under title 11[.]" *Id* (emphasis supplied). There is nothing in the code that requires core matters to be heard by the bankruptcy court. However, without a bankruptcy case, the claims in this case could never be "core matters" pursuant to *Stern v. Marshall*, 564 U.S. 2 (2011) and *Exec. Bens. Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). While the Plaintiff has not consented to jurisdiction in the bankruptcy court, even if she had "subject matter jurisdiction cannot be conferred by agreement[.]" *Houck v. Substitute Trustee Servs.,* 791 F.3d at 480.

It is most important to bear in mind that the Plaintiff's old bankruptcy case has been closed for over four years. There is no estate:

> In this circuit, a civil case is related to bankruptcy if "the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir. 1997) (citing [*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. Pa. 1984)]), see also *A. H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986).

*New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. N.C. 2000). As there is no base case and therefore no estate, *and even if the old case were opened*, there is no possibility that the outcome of the proceeding could alter Petitioner's rights as a bankruptcy Debtor or the administration of a bankruptcy estate.

10

This is not "an action related to a bankruptcy case." *Id*. It is simply an action. It is not an adversary proceeding because it was not filed in bankruptcy court with a base case. There are common issues of fact between the federal lawsuit and Petitioner's past bankruptcy filing, but 28 U.S.C. § 1334(b) does not send this case to bankruptcy court.

The Fourth Circuit has addressed the process for determination of jurisdiction in a situation such as this:

> Whether a bankruptcy court may exercise subject matter jurisdiction over a proceeding is determined by reference to 28 U.S.C. § 1334. **Only after jurisdiction is established pursuant to § 1334 is resort made to 28 U.S.C. § 157** to determine whether the proceeding is "core" or "noncore." Bankruptcy courts are authorized to enter appropriate judgments and orders in core proceedings, 28 U.S.C. § 157(b)(1), and may enter final orders in noncore related proceedings with the consent of all the parties. 28 U.S.C. § 157(c)(2). **The determination that a claim is core or noncore is one that should not be reached, however, if subject matter jurisdiction does not exist.** See *Abner v. Mate Creek Loading, Inc. (In re Mid-Atl. Res. Corp.)*, 283 B.R. 176, 186 (S.D.W.Va. 2002) ("[A]n assertion that the action is a core or noncore proceeding is not an allegation of federal jurisdiction; rather, it relates to the power of the bankruptcy court to resolve the issues brought before it **after jurisdiction is established**.")

*Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 839 n.3 (4th Cir., 2007). The § 1334 analysis comes before the § 157 analysis and because there is no estate, there is no jurisdiction under the *Pacor* test. The bankruptcy estate is the *sine qua non* of jurisdiction in bankruptcy court. Without it, this civil suit can have no conceivable effect on any bankruptcy estate.

11

Even had an estate been opened, Petitioner's claim under 11 U.S.C. § 362 is not part of the bankruptcy estate, according to 11 U.S.C. § 541. Recently the Sixth Circuit so stated: "[A] cause of action qualifies as bankruptcy estate property only if the claimant suffered a pre-petition injury." *In re Underhill*, 579 Fed. Appx. 480, 482 (6th Cir. 2014). Since neither this claim nor any state claim is part of the estate, it could have no conceivable effect on the administration of any estate.

None of the state claims are core matters pursuant 28 U.S.C. § 157(b)(2). Moreover, the claims are not *Stern* claims because there is no bankruptcy case for the claims to relate to under *Stern*, *Arkison,* or even the *Pacor* test. This also answers the bankruptcy court's question about a closed estate. The Plaintiff's bankruptcy estate was not reopened by the district court or the bankruptcy court.

Placing the bankruptcy case number in the caption of orders in this case does not mean that the old bankruptcy case is reopened and with it the estate. That was never ordered by either court and the estate has not vested in a trustee. Indeed, if a new estate were opened it would be an involuntary Chapter 13 bankruptcy, which has no place under 11 U.S.C. § 303.

This Court did say "it may be that the district court should have sent Houck's § 362(k) claim to the bankruptcy court in accordance with its standing order[.]" *Houck v. Substitute Trustee Servs.*, 791 F.3d at 483. However, this statement is clearly intended to be *dicta*. It was certainly not binding precedent.

12

The bankruptcy court does not have supplemental jurisdiction of state law claims because the Plaintiff has not consented to jurisdiction in bankruptcy court and the complaint was not filed in bankruptcy court. It is not a bankruptcy case. For these reasons the Petitioner does not believe that jurisdiction could be granted even by consent.

Since the bankruptcy court does not have jurisdiction in any form, the referral should be withdrawn. Because the district court will not withdraw the reference and will not certify an interlocutory appeal on this issue, a Writ of Mandamus is the appropriate measure to ensure that the Constitution and the relevant statutes and binding precedence are followed in this case.

## CONCLUSION

For the reasons stated herein, Petitioner respectfully requests of this Court to issue a Writ of Mandamus directing the district court to withdraw the reference to the bankruptcy court in this case and to hear the case on its merits.

Respectfully submitted,

*/s/ M. Shane Perry*
M. Shane Perry
COLLUM & PERRY
109 W. Statesville Ave.
Mooresville, NC 28115
704-663-4187
*Counsel for Petitioner*

13

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Appellant's Brief and Appendix by electronic mail or by placing a copy in the U.S. Mail, postage prepaid, to the following:

**The Honorable Magistrate Judge David S. Cayer**
401 W. Trade St., Room 168
Charlotte, NC 28202

**LifeStore Bank, FSA**
c/o Amy C. Brodland
Reeves Law Firm
202 East Main St.
West Jefferson, NC 28694
amy@reeveslawfirm.net
Attorney for Respondent

**Substitute Trustee Services, Inc.**
c/o Jeffrey Bunda
Hutchens Law Firm
6230 Fairview Road, Suite 315
Charlotte, NC 28210
jeff.bunda@hutchenslawfirm.com
Attorney for Respondent

**Grid Financial Services, Inc.**
c/o Robert Mays
Van Winkle Law firm
11 North Market Street,
Asheville, NC 28801
rmays@vwlawfirm.com
Attorney for Respondent

**TODAY** is March 14, 2016.

> */s/ M. Shane Perry*
> M. Shane Perry
> COLLUM & PERRY
> 109 W. Statesville Ave.
> Mooresville, NC 28115
> 704-663-4187
> *Counsel for Petitioner*