UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00022-MOC

| | |
|---|---|
| DIANA LOUISE HOUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LIFESTORE BANK ) | |
| SUBSTITUTE TRUSTEE SERVICES, INC. ) | |
| GRID FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the "Order Determining the Status of This Adversary Proceeding, Examining this Court's Subject Matter Jurisdiction, Recommending Withdrawal of The Reference, and Setting Status Hearing"(#1) entered by the Honorable Laura T. Beyer, United States Bankruptcy Judge.

Review of the status of the adversary proceeding in Bankruptcy Court reveals that it now consists only of the § 362(k) ("§ 362") claim for violation of the automatic stay provisions of the Bankruptcy Code and a host of state-law claims asserted by plaintiff over which the Bankruptcy Court previously enjoyed "related to" bankruptcy jurisdiction. Each subsection of claims will be closely examined to determine whether to withdraw the reference.

As to the § 362 claim, this Court determines that the United States Bankruptcy Court is uniquely qualified to determine whether a willful violation of the automatic stay in bankruptcy occurred. The fact that the underlying bankruptcy proceeding has been terminated is not relevant on the issue of whether a violation of the automatic stay occurred during the pendency of that

-1-

proceeding, however brief that might have been. Indeed, the Court of Appeals for the Fourth Circuit held in this matter that whether plaintiff "was an eligible debtor when she filed her second petition is a fact-bound question that requires evidentiary support." Houck v. Substitute Trustee Service, LLC, 791 F.3d 473, 487 (4th Cir. 2015). Such evidence is the type of evidence routinely considered by bankruptcy judges in determining whether a § 362 violation has occurred. In conformity with the appellate court's decision, id. at 483, Judge Cayer quite properly referred the § 362 issue to the Bankruptcy Court as that claim arose under the dismissed second bankruptcy petition. See Houck, 5:13cv66, Order (#92).

As to the remaining state law claims, review of the pleadings in 5:13cv66 reveals that this Court enjoys only supplemental jurisdiction over those state law claims. If the second bankruptcy case was still active, Judge Beyer would continue to have "related to" jurisdiction over those claims; however, since the second bankruptcy petition has now been terminated, there is no jurisdiction remaining in the Bankruptcy Court to consider those state-law claims. This Court's supplemental jurisdiction cannot now be shared under 11 U.S.C. § 157 with the Bankruptcy Court. See Enron Corp. v. Citigroup, Inc. (In re Enron Corp.), 353 B.R. 51, 61 (Bankr. S.D.N.Y. 2006) (holding that "the jurisdictional grant in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, by implication, negates a bankruptcy court's exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no impact on the bankruptcy estate."). Thus, it would be an exercise in futility to maintain the reference of the supplemental claims at this point and the Court now remove the reference of the state law claims from the Bankruptcy Court as it appears that such court's "related to" jurisdiction no longer exists.

Finally, with the reference withdrawn, the Court must now determine whether it is appropriate use of judicial resources to exercise supplemental jurisdiction over the state-law claims. In making that determination, the Court has carefully considered whether the state law claims substantially predominate over the federal question presented in the § 362 violation. In relevant part, the Supplemental Jurisdiction statute provides that a district court

> may decline to exercise supplemental jurisdiction over a claim if … the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

28 U.S.C. § 1367(c)(2). The only claim over which this Court has original jurisdiction is the § 362 claim, which it has delegated to the Bankruptcy Court for resolution in accordance with 28 U.S.C. § 157 and this district's Standing Order. That provision provides for a private cause of action for its willful violation. *If* Judge Beyer finds a willful violation, she will be able to impose an appropriate penalty which the Court surmises would be at best modest in light of the allegations contained in the Amended Complaint and the procedural history of the second bankruptcy petition. On the other hand, plaintiff's Amended Complaint (#45) filed in 5:13cv66 asserts causes of action under state law claims for alleged unfair and deceptive trade practices pursuant to North Carolina General Statute § 75-1.1(a), debt collection by unconscionable means pursuant to North Carolina General Statute § 75-55, breach of contract, actual fraud, constructive fraud, emotional distress (intentional infliction of emotional distress and negligent infliction of emotional distress), and civil conspiracy. Plaintiff seeks substantial damages for those violations, including treble damages as to some claims.

Based on such review, the Court finds that plaintiff's state law claims overwhelmingly predominate over her § 362 claim, and will decline to exercise supplemental jurisdiction as

provided under 28 U.S.C. § 1367(c)(2).[1] Plaintiff is advised that under Section 1367(d), she has 30 days within which to refile her supplemental claims in state court unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d); Artis v. D.C., ___ U.S. ___, 2018 WL 491524 (Jan. 22, 2018)(holding that federal supplemental jurisdiction statute pauses the clock on a statute of limitations until 30 days after a state-law claim is dismissed by the federal court.).

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) this action is consolidated with 5:13cv66;

(2) having considered the "Order Determining the Status of this Adversary Proceeding, Examining this Court's Subject Matter Jurisdiction, Recommending Withdrawal of the Reference, and Setting Status Hearing" (#1), this Court respectfully **ACCEPTS** in part and **REJECTS** in part the recommendation of withdrawal of the reference, as follows:

(3) the reference of plaintiff's supplemental state law claims is **WITHDRAWN**;

(4) the reference of the § 362 claim is **NOT WITHDRAWN** and such claim is remanded to the Bankruptcy Court for prompt resolution consistent with Judge Cayer's earlier Order of reference entered in this consolidated case; and

(5) the supplemental state law claims are **DISMISSED** without prejudice in accordance with 28 U.S.C. § 1367(c)(2) as to refiling in state court in accordance with and within the time allowed by § 1367(d).

---

[1] The Court notes that this is <u>not</u> a § 1367(c)(3) dismissal as the § 372 claim remains viable at this point on reference to the Bankruptcy Court.

The Clerk of Court is instructed to send a courtesy copy of this Order to the Honorable David S. Cayer, United States Magistrate Judge, and to the Honorable Laura T. Beyer, United States Bankruptcy Judge.

Signed: February 7, 2018

Max O. Cogburn Jr
United States District Judge