| | |
|---|---|
| **DIANA LOUISE HOUCK** | |
| **PLAINTIFF** | |
| **V.** | **MEMORANDUM OF LAW** |
| | **IN SUPPORT OF** |
| **LIFESTORE BANK, F.S.A., GRID** | **MOTION FOR RECONSIDERATION** |
| **FINANCIAL SERVICES, INC., and** | |
| **SUBSTITUTE TRUSTEE SERVICES, INC.** | |
| **DEFENDANTS** | |

**COMES NOW** Plaintiff, by and through counsel, and respectfully requests that this Court reconsider the order entered February 7, 2018 (Doc 2).

Plaintiff requests that this Court vacate the orders entered January 15, 2014 (Doc. 69 of 5:13-CV-66) and February 20, 2014 (Doc. 71 of 5:13:-CV-66) pursuant to the opinion entered by the Fourth Circuit on July 1, 2015, (Doc. 68 of No. 13-2326), and revise the order entered February 7, 2018 (Doc. 2) to refer the 11 U.S.C. § 362 claims for all defendants to bankruptcy court and dismiss all state claims against all Defendants without prejudice pursuant to 28 U.S.C. § 1367(c)(2). The effect of this revised order would obviate appeals that will come with the final judgment in the current case in bankruptcy court and bring all parties to the same point. The Plaintiff also seeks clarification as to whether she is allowed to file her state claims in state court at this time or whether that action is stayed by the latest order.

This revised order will simplify a case that is too complex already and shorten a case that is far too protracted. The interest of justice will be served in this manner. Pursuant to Local Rule 7.1(b) Plaintiff's counsel conferred with opposing counsel. Opposing counsel did not consent to the Motion. In support of this motion the Plaintiff respectfully shows this Court the following:

## CURRENT POSTURE OF CASE

At present, all claims against Lifestore Bank, F.S.A. (Lifestore) and Grid Financial Services, Inc. (Grid) are dismissed. The 11 U.S.C. §362 claim against Substitute Trustee Services, Inc. (STS) is currently referred to the bankruptcy court. The state claims against STS are dismissed and the case is currently stayed as to all parties pursuant to the order entered February 8, 2018 (Doc. 103). It appears the Plaintiff is not allowed to refile state claims in state court because the current case is stayed and no judgment has been entered.

The opinion (Doc. 68) and judgment (Doc. 69) handed down from the Fourth Circuit on July 1, 2015, vacated the only final judgment in this case. At present all dismissed claims will be ripe for appeal upon entry of the final judgment in the case referred to bankruptcy Court. The effect of this is that when the final judgment is entered, the state claims against STS must be filed in state court within 30 days and the appeal on the dismissed claims against Lifestore and Grid must be filed.

## SUPPORTING LAW

The Fourth Circuit recognized that the judgment in this case finalized the case:

> In this case, the district court dismissed completely Houck's claims against the Substitute Trustee in its October 1, 2013 order, leaving open only her claims against LifeStore and Grid Financial. Because the court could have certified such an order as a final judgment under Rule 54(b) and because the court later entered final judgment against the remaining defendants with its February 20, 2014 order before we considered Houck's interlocutory appeal, we conclude that the doctrine of cumulative finality applies and that we therefore have jurisdiction to hear her appeal.

*Houck v. Substitute Tr. Servs*., 791 F.3d 473, 479 (4th Cir. 2015). The Fourth Circuit then vacated that judgment:

> The judgment of the district court is vacated; the court's October 1, 2013 order dismissing Houck's § 362(k) claim against the Substitute Trustee is reversed; and the case is remanded for further proceedings.

*Id.*, at 487. With that judgment vacated, this case has never had a final judgment from which the Plaintiff can appeal:

> The effect of "vacating" an order is to "nullify or cancel; make void; invalidate." *Ferguson v. Commonwealth*, 51 Va. App. 427, 658 S.E.2d 692, 695 (Va. Ct. App. 2008) (citing Black's Law Dictionary 1584 (8th ed. 2004)); *see also NLRB v. Goodless Bros. Elec. Co.*, 285 F.3d 102, 110 (1st Cir. 2002) (defining "vacate" as "to render inoperative; deprive of validity; void; annul" and that an order to vacate "wipes the slate clean"). Once Rice successfully moved to have her nonsuit vacated, **it ceased to exist, and effectively, it never did**. It therefore could not have any further effect on the litigation, because **it is as if it never occurred**. *Id*.

*Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 259-60 (4th Cir. 2014). So the final judgment in this case has never occurred and there are no dismissed claims which are ripe for appeal until the bankruptcy court enters an order and this Court enters a final judgment.

The Plaintiff will appeal all dismissed claims based on the same reasoning in the STS appeal. It stands to reason that the Fourth Circuit will follow its own precedence and reverse the dismissals.

### RELIEF REQUESTED

In light of the current posture of the case, the appeal based on the dismissal of Lifestore and Grid can be avoided by vacating the orders dismissing them and dismissing all state claims together pursuant to 28 U.S.C. § 1367(c)(2). The Plaintiff would not appeal this order. The Plaintiff filed this case on April 26, 2013, and so far the parties have not had discovery. At this point justice would have the Court use its equitable powers to stem the bleeding.

**WHEREFORE** the Plaintiff respectfully requests that this Court revise the order entered February 7, 2018 (Doc. 2) in accordance with the motion.

**TODAY** is February 9, 2018.

**COLLUM & PERRY**

By:    */s/ M. Shane Perry*
M. Shane Perry
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile:  704-663-4178
shane@collumperry.com
*Attorney for Plaintiff*

| | |
|---|---|
| DIANA LOUISE HOUCK | |
| **PLAINTIFF** | |
| V. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| LIFESTORE BANK, F.S.A., GRID FINANCIAL SERVICES, INC., and SUBSTITUTE TRUSTEE SERVICES, INC. | |
| **DEFENDANTS** | |

## CERTIFICATE OF SERVICE

I, M. Shane Perry, do hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** in this action, was served electronically through the CM/ECF system to:

| **LifeStore Bank, FSA** | **Grid Financial Services, Inc.** | **Substitute Trustee Services, Inc.** |
|---|---|---|
| c/o John Benjamin Reeves | c/o Robert Mays | c/o Jeffrey Bunda |
| Reeves Law Firm | Van Winkle Law firm | Hutchens Law Firm |
| 202 East Main St. | 11 North Market Street, | 6230 Fairview Road, Suite 315 |
| West Jefferson, NC 28694 | Asheville, NC 28801 | Charlotte, NC 28210 |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |

**TODAY** is February 9, 2018.

### COLLUM & PERRY

By: */s/ M. Shane Perry*
M. Shane Perry
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile:  704-663-4178
shane@collumperry.com
*Attorney for Plaintiff*