# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-00066-DSC
# [Consolidated with Civil Action No: 5:18-CV-22-MOC]

| | | |
|---|---|---|
| DIANA LOUISE HOUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LIFESTORE BANK et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court upon review of the "Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Plaintiff" (document #105) entered by Chief United States Bankruptcy Judge Laura T. Beyer on October 6, 2020. On October 20, 2020, Defendant Substitute Trustee Services Inc. filed a Notice of Appeal. (Document #106). On December 3, 2020, Defendant voluntarily withdrew its appeal. Id. No other appeal nor any objections have been filed. The time for filing objections or an appeal to the District Court has expired.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c).

On September 22, 2015, the Court referred this matter to the Bankruptcy Court for recommended findings of fact and conclusions of law in Plaintiff's cause of action under 11 U.S.C. § 362(k) for violation of an automatic stay. "Order of Referral to the Bankruptcy Court" (document #92).

On October 6, 2020, Judge Beyer issued a thorough and well-reasoned Order awarding Plaintiff damages against Defendant Substitute Trustee Services Inc. in the amount of "$260,175.27, made up of $20,857.11 in actual damages other than attorney's fees, $109,318.16 in attorney's fees, and $130,000 in punitive damages." Document #105 at 57. Judgment was

entered in the Bankruptcy Court in the principal amount plus interest at the federal rate from October 6, 2020 until paid. Document #105-1.

Congress has mandated in 28 U.S.C. § 157(c)(1) that district courts only conduct de novo review in non-core bankruptcy proceedings. As to matters touching on core proceedings, the bankruptcy court's findings of fact will not be overturned on appeal unless they are clearly erroneous, Bankr. R. 8013, and due regard will be given to the bankruptcy court's ability to evaluate the credibility of witnesses. Id.; In re Biondo, 180 F.3d 126, 130 (4th Cir. 1999). The conclusions of law of the bankruptcy court are reviewed de novo. Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004).

As noted above, the appeal has been withdrawn and no objections were filed.

The Court has carefully conducted a de novo review of the Order as well as the legal authorities and all other relevant portions of the record. For the reasons stated therein, the Court affirms and adopts Judge Beyer's Order.

**IT IS HEREBY ORDERED that:**

1. The "Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Plaintiff" (document #105) is **ADOPTED** and **AFFIRMED** in its entirety.
2. Plaintiff is **AWARDED** damages on her claim under 11 U.S.C. § 362(k) for violation of an automatic stay in the amount of $260,175.27, consisting of $20,857.11 in actual damages, $109,318.16 in attorney's fees, and $130,000 in punitive damages.
3. Plaintiff is **AWARDED** post-judgment interest at the federal rate from October 6, 2020 until paid.
4. The Clerk of Court is directed to re-open this file for docketing of this Order and entry of a Judgment consistent with this Order. The Clerk shall then close the file.

5. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Laura T. Beyer.

**SO ORDERED**.

Signed: March 8, 2021

David S. Cayer
United States Magistrate Judge